IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PERCY J. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09cv613-WKW |
| ) | (WO) |
| JOHN E. POTTER, Postmaster ) | |
| General, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

The plaintiff, Percy J. Brown ("Brown"), a former employee of the United States Postal Service, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Rehabilitation Act, 29 U.S.C. § 791 *et seq.* challenging the amount of damages awarded in an EEOC administrative decision.

On September 30, 2009, the defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), asserting that this case should be dismissed because Brown failed to file his complaint in a timely manner and seeks only a partial review of the administrative proceedings. (Doc. No. 12.) On October 7, 2009, October 30, 2009, and November 12, 2009, Brown filed responses to the defendants' motion. (Doc. Nos. 14, 16, 18.) The court has reviewed the defendants' motion and Brown's responses and concludes that the motion to dismiss should be granted.

## II.  THE STANDARD OF REVIEW

Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir.2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 129 S.Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 129 S.Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that although FED.R.CIV.P. 8 does

not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III.  DISCUSSION

In his complaint, Brown asserts that the defendants and the EEOC failed to apply "the established law with regard to making one whole for all losses suffered as a result of the discriminatory action in this case." (Doc. No. 1, p. 2.) Specifically, he contends that an award of $10,000 in compensatory damages for six months of back pay did not fully compensate him for all of the losses he suffered. (*Id.*)    The defendants, however, argue that Brown's claims are time-barred because Brown failed to bring suit within ninety days of receiving a right-to-sue notice. (Doc. No. 13, pp. 7-9.)

Brown had ninety days from the date he received his notice of a right to sue from the EEOC to file a civil action challenging the claims raised in his EEOC complaint in the United States District Court. *See* 42 U.S.C. § 2000e-5(f)(1); *Law v. Hercules, Inc.*, 713 F.2d 691, 692 (11th Cir. 1983); *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999). The evidentiary materials clearly establish that, on March 26, 2009, the EEOC sent a right-to-sue letter to Brown. (Attach. to Doc. No. 1.) Brown admits that he received the letter on March 31,

2009, and filed a lawsuit in this court on June 30, 2009. (Doc. No. 1, p. 3.) Thus, there is no factual dispute that Brown failed to file a lawsuit in this court within ninety days of his receipt of the March 26, 2009, right-to-sue letter. (Doc. No. 13, p. 8; Doc. No. 14.) Consequently, the defendants assert that, with respect to the claims raised in Brown's EEOC complaint, Brown failed to file his complaint in this court in a timely manner.

Once the defendants raise the issue of timeliness, the plaintiff bears the burden of establishing that his complaint satisfies the 90-day rule or establishing that any untimeliness is excused by an equitable exception. The plaintiff bears the burden of establishing the applicability of the doctrine of equitable tolling. *Carter v. West Publ'g Co.*, 225 F.3d 1258, 1265 (11th Cir. 2000).

Under Title VII, failure to file a complaint within the 90-day time period bars the action. 42 U.S.C. § 2000e-5(f)(1). The ninety day period begins to run upon receipt of the right-to-sue letter. *Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991). In this circuit, the court must apply a case-by-case approach "to fashion a fair and reasonable rule for the circumstances of each case, one that would require plaintiffs to assume some minimal responsibility in resolving their claims without 'conditioning a claimant's right to sue under Title VII on fortuitous circumstances or events beyond his control which are not spelled out by the statute.'" *Zillyette*, 179 F.3d at 1340.

It is undisputed that Brown did not file this lawsuit within 90 days of receiving the March 26, 2009, right-to-sue notice. Brown admits that he received the notice on March 31, 2009. (Doc. No. 1, p. 3.) Thus, the time for filing a lawsuit in this court began running when

4

Brown received the right-to-sue letter on March 31, 2009, and expired ninety days later on June 29, 2009. Brown filed a lawsuit in this court on June 30, 2009. Consequently, Brown's claims are time-barred.

Brown argues that his claims should be equitably tolled because he was under the impression that his attorney planned to file a complaint on his behalf within the applicable time period. Brown alleges that, on June 29, 2009, a secretary told him that "the Attorney had not been available for several days after she spoke to the plaintiff and, when he returned to review the case his schedule would not allow him to prepare the complaint for presentation within the time period" and advised him to "immediately file Pro Se." (Doc. No. 16, p. 1.) Brown maintains that he submitted his pro se complaint to this court on June 30, 2009, because it "was too late in the day for the complaint to be filed on June 29, 2009." (*Id*.) This court is unable to discern whether the attorney contacted by Brown had agreed to represent him in this federal case. Nonetheless, equitable tolling is not applicable in this case because "the negligence of an attorney will not excuse lack of timeliness."[1] *Gant v. Jefferson Energy Co-op*, No. 08-17238, 2009 WL 2993827, *2 (11th Cir. 2009).

Moreover, even assuming *arguendo*, that Brown timely filed his complaint, his challenge to the amount of damages awarded to him after the EEOC entered a finding in his favor fails to state a claim upon which relief may be granted. In a Title VII case, a plaintiff

---

[1] The court notes that, although Brown argues it was "too late in the day" to file his complaint, this court permits litigants to file pleadings and other court documentation after hours in a drop box outside the courthouse. *See* http://www.almd.uscourts.gov/courtdir/dropbox.htm. Thus, this is not a case in which Brown was prevented from filing his complaint in a timely manner due to some "fortuitous circumstances or events beyond his control." *See Zillyette*, *supra*.

5

must litigate the entire matter *de novo* and cannot simply challenge one aspect of the underlying administrative proceeding. *See Ellis v. England*, 432 F.3d 1321, 1324-25 (11th Cir. 2005). *See also Laber v. Harvey*, 438 F.3d 404, 423 (4th Cir. 2006) ("Title VII does not authorize a federal-sector employee to bring a civil action alleging only that the [Agency's] remedy was insufficient. . . ."). Thus, a plaintiff who is unsatisfied with the amount of damages awarded in an administrative decision must reject the entire decision, including any finding of liability or damages, when seeking review in this court. *See Ellis*, *supra*. In other words, Brown may choose to either reject the EEOC's entire decision, return or place in escrow the $10,000 in compensatory damages, as well as any back pay and interest awarded to him, and proceed in this court *de novo* or he may accept the agency's finding of discrimination and the amount awarded to him. Brown, however, "may not have it both ways." *Ritchie v. Henderson*, 161 F. Supp. 2d 437, 450 (E.D. Pa. 2001).

Because Brown did not timely file his complaint and seeks fragmented review of the EEOC's administrative decision, which is not permissible under Title VII or the Rehabilitation Act, *see Ellis*, *supra*, this court concludes that he has failed to state a claim upon which relief can be granted. Consequently, the defendants' motion to dismiss should be granted.

## IV.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that the defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) be GRANTED.    (Doc. No. 12.)

It is further

ORDERED that the parties are DIRECTED to file any objections to the **on or before December 1, 2009.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of November, 2009.

        /s/Charles S. Coody
        CHARLES S. COODY
        UNITED STATES MAGISTRATE JUDGE