IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PERCY J. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:09-CV-613-WKW[WO] |
| | ) |
| JOHN E. POTTER, Postmaster General, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On November 18, 2009, the Magistrate Judge filed a Recommendation in this case. (Doc. # 19.) Plaintiff Percy J. Brown ("Brown") filed an objection on November 24, 2009. (Doc. # 20.) Upon an independent and *de novo* review of those portions of the Recommendation to which objection is made, 28 U.S.C. § 636(b)(1), the court finds that the objection is due to be overruled.

Mr. Brown takes issue with the Magistrate Judge's alternative finding that "his challenge to the amount of damages awarded to him after the EEOC entered a finding in his favor fails to state a claim upon which relief can be granted." (Doc. # 19, at 5.) Mr. Brown asserts that he is not contesting the "amount of damages awarded by the EEOC," but is asserting that the EEOC's "order was never complied with." (Doc. # 20, at 3.) It is true that "[o]n conclusion of the administrative process, a federal employee who prevails may sue in a federal district court to enforce an administrative decision with which an agency has failed to comply." *Ellis v. England*, 432 F.3d 1321, 1324 (11th Cir. 2005). But, even under a

generous reading of the complaint,[1] Mr. Brown's complaint does not allege that the United States Postal Service Agency failed to comply with the EEOC's decision.  Rather, the complaint is specifically brought under the substantive provisions of Title VII and requests a jury trial and relief for "employment discrimination."  (Compl. 1); *see Ellis*, 432 F.3d at 1324 (explaining that "[a]lternatively, a federal employee unhappy with the administrative decision may bring a claim in the federal district court and obtain the same *de novo* review that a private sector employee receives in a Title VII action pursuant to 42 U.S.C. § 2000e-16(c).").  Mr. Brown cannot amend his complaint in an objection to a Magistrate Judge's recommendation.  *Cf. Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").  To the extent that Mr. Brown reasserts his argument that the undisputed untimeliness of his complaint should be excused based upon an equitable exception, the Recommendation adequately addresses and properly rejects that argument.

Based upon the foregoing, it is ORDERED as follows:

1. Mr. Brown's objection (Doc. # 20) is OVERRULED.

2. The Recommendation of the Magistrate Judge (Doc. # 19) is ADOPTED.

3. Defendants' motion to dismiss (Doc. # 12), filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is GRANTED.

---

[1] *See GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (While courts "should show a leniency" to the pleadings of *pro se* litigants, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action. (internal citation omitted)).

An appropriate judgment will be entered.

DONE this 2nd day of December, 2009.

                                      /s/ W. Keith Watkins
                                 UNITED STATES DISTRICT JUDGE